IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 2:18-CR-018-D(01) |
| VS. | § | |
| | § | |
| DUSTIN DOUGLAS ANDERSON, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Dustin Douglas Anderson ("Anderson") pleaded guilty to the offense of possession with intent to distribute 500 grams or more of methamphetamine and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A)(viii) and 18 U.S.C. § 2. On October 15, 2018 the court sentenced him to 189 months' imprisonment, followed by 5 years of supervised release. On January 17, 2024 Anderson filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines. The court on March 7, 2024 denied Anderson's motion. On April 15, 2024 Anderson filed the instant motion seeking immediate release from incarceration to home confinement, contending that, under Amendment 821 to the Federal Sentencing Guidelines, "[a] sentence reduction of at least twenty-two (22) months would be in order." D. Mot. (ECF No. 94) at 2. For the reasons explained below, the court denies Anderson's motion.

I

To the extent that Anderson requests immediate release to home confinement, the court is not authorized to grant this relief. Decisions regarding prisoner housing designations, including release to home confinement, are reserved exclusively to the Bureau of Prisons ("BOP"), because they involve specialized determinations uniquely within its expertise. *See* 18 U.S.C. § 3621(b) ("The [BOP] shall designate the place of the prisoner's imprisonment[.]"); *see also United States v. Ahmed*, 2020 WL 4287561, at *3 (S.D. Tex. July 27, 2020) ("Because the BOP has the exclusive authority to determine where a prisoner is housed, the district courts are without authority to order home confinement." (citing cases)).

II

To the extent that Anderson's motion can be construed as a motion for sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the Federal Sentencing Guidelines, the court has already considered and denied such relief in its March 7, 2024 order, and it declines to reconsider that decision based on the contents of Anderson's present motion.

\*   \*   \*

Accordingly, the court denies Anderson's April 15, 2024 motion.

**SO ORDERED**.

August 27, 2024.

SIDNEY A. FITZWATER
SENIOR JUDGE

- 2 -