IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § Plaintiff, § § VS. § § DUSTIN DOUGLAS ANDERSON, § § Defendant. § | Criminal No. 2:18-CR-018-D(01) |

MEMORANDUM OPINION
AND ORDER

Defendant Dustin Douglas Anderson ("Anderson") moves for a reduction of sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines ("Sentencing Guidelines"). For the following reasons, the court denies Anderson's motion.

I

Anderson pleaded guilty to the offense of possession with intent to distribute 500 grams or more of methamphetamine and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A)(viii) and 18 U.S.C. § 2. On October 15, 2018 the court sentenced him to 189 months' imprisonment, followed by 5 years of supervised release. On January 17, 2024 Anderson filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines. The court on March 7, 2024 denied Anderson's motion. The court also denied Anderson's April 15, 2024 motion seeking immediate release from incarceration to home confinement. Anderson now moves for a

sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the Sentencing Guidelines.*

II

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(2), a court may reduce a defendant's term of imprisonment if the defendant "has been sentenced to a term . . . based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

In his motion, Anderson argues that the court sentenced him "at the low end of the unknown guideline drug table," that "[h]ad the judge used the 2014-18 drug table, Mr. Anderson's sentencing range would have been [lower]," and that "using the unknown drug table created a substantial risk that Mr. Anderson's sentence is more severe." D. Mot. (ECF No. 98) at 9-10 (emphasis omitted). But he does not argue that he was sentenced based on a range that has subsequently been lowered. Nor could he. Guidelines Amendment 782, which retroactively lowered the base offense levels in U.S.S.G. § 2D1.1, became effective on November 1, 2014. Anderson pleaded guilty to possession with intent to distribute methamphetamine in October 2018. Applying the most recent version of the Guidelines

---

*On November 1, 2024 the court ordered the government to file a response to Anderson's October 7, 2024 motion, which it did on November 13, 2024. Anderson filed a reply on January 14, 2025, and his motion is now ripe for decision.

Manual results in the same base offense level as it did at sentencing. Even if sentenced today, Anderson would not receive a lower base offense level than he already received under Amendment 782. He is therefore ineligible for a reduction in sentence under 18 U.S.C. § 3582(c)(2).

### III

Anderson also challenges various aspects of his sentence, including that the court erred by taking his prior arrests into account during sentencing; the PSR contains "patently incorrect statements" regarding Anderson's drug quantity estimate, D. Mot. (ECF No. 98) at 3; the court failed during sentencing to provide a sufficient explanation for the sentence imposed and for its decision to depart from the advisory guideline range; his sentence is procedurally unreasonable; the government violated portions of the United States Attorney's Manual; and information about relevant conduct was intentionally withheld from the court.

To the extent that Anderson's motion challenges the legality of his underlying sentence, the proper vehicle for raising such a claim after the expiration of the period for filing a direct appeal is a motion to vacate sentence under 28 U.S.C. § 2255. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) ("Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. Relief under this section is warranted for errors that occurred at trial or sentencing." (citations omitted)). But a § 2255 motion would be untimely at this point under 28 U.S.C. § 2255(f)(1) because more than one year has elapsed since the judgment of conviction in this case became final.

Even so, this would be Anderson's initial § 2255 motion, so if the court were to

recharacterize his argument as requesting relief under § 2255, it would be required to advise Anderson that "any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions." *Castro v. United States*, 540 U.S. 375, 383 (2003); *see also* 28 U.S.C. § 2244(b)(3)(A); *United States v. Cardenas*, 13 F.4th 380, 386 (5th Cir. 2021) ("When a district court recharacterizes a filing as a § 2255 motion, the movant must have the opportunity to amend his now-recharacterized motion . . . to include any claims that relate back to the original pleading." (citations omitted)).

And insofar as Anderson seeks relief cognizable under § 2255, his claim would not support relief under § 3582(c). *See United States v. Escajeda*, 58 F.4th 184, 186-88 (5th Cir. 2023) ("[A] prisoner cannot use § 3582(c) to challenge the legality or the duration of his sentence; such arguments can, and hence must, be raised under Chapter 153" of Title 28, through which "Congress provided specific avenues for post-conviction relief that permit prisoners to challenge the legality of their confinement in federal court." (citations omitted)). Accordingly, to the extent that Anderson challenges the legality of his underlying sentence, the court will not consider this challenge in deciding his motion under § 3582(c)(2).

\* \* \*

Accordingly, Anderson's October 7, 2024 motion for a reduction in sentence under 18 U.S.C. § 3582(c)(2) is denied.

**SO ORDERED**.

March 6, 2025.

                                                SIDNEY A. FITZWATER
                                                SENIOR JUDGE